FILED
2021 SEP 29 AM 10:56
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HOWARD W., WENDY H., and KATHRYN H.-W.,<br><br>                              Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH PLAN and the SWEDISH HEALTH SERVICES EMPLOYEE BENEFITS PLAN, 519,<br><br>                              Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20cv463 JNP<br><br>District Judge Jill N. Parrish |

Plaintiffs Howard W., Wendy H., and Kathryn H.-W. brought this action against Providence Health Plan ("PHP") and the Swedish Health Services Employee Benefits Plan, 519 (the "Plan") (collectively, "Defendants"), after they failed to pay for treatment Kathryn received in Utah and Hawaii.

This matter is before the court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) and Defendants' Alternative Motion to Transfer Venue (ECF No. 17). Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **BACKGROUND**

Defendant Swedish Health Services is a medical provider located in Seattle, Washington. Swedish Health Services offers a variety of benefits for its employees and their dependents, including a self-funded medical benefits plan that is subject to the Employment Retirement Income Security Act ("ERISA"), governed by 29 U.S.C. § 2001 *et seq.* (ECF No. 2, Compl. ¶ 2.)

Swedish Health Services has no employees outside the State of Washington. (ECF No. 11-1, Fisher Decl. ¶ 2.)

Providence Health Plan ("PHP") is the third-party administrator for the Plan. (ECF No. 2, Compl. ¶ 2.) PHP is an Oregon corporation with its principal place of business in Beaverton, Oregon. (ECF No. 11-2, Bals Decl. ¶ 2.) All claims administration duties performed by PHP occur in Oregon. (*Id.*)

Plaintiff Howard W. was an employee of Swedish Health Services in Washington and was a Plan participant. (ECF No. 2, Compl. ¶ 2.) Kathryn, the daughter of Howard W. and Wendy H., was a beneficiary of the Plan. (*Id.*) From June 28, 2017, to August 29, 2017, Kathryn received treatment from Pacific Quest wilderness therapy program in Hawaii. (ECF No. 2, Compl. ¶ 4.) From August 31, 2017, to April 30, 2018, Kathryn received treatment from Maple Lake Academy in Utah. (*Id.*)

After services were rendered in Hawaii and Utah, Plaintiffs submitted claims to PHP in Oregon seeking coverage under the Plan. (*Id.* ¶ 5.) PHP denied all of the claims submitted in relation to Kathryn's care, and despite numerous appeals, the initial determinations were sustained. After exhausting the Plan's mandatory appeals, Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and for alleged violations of the Parity Act under 29 U.S.C. § 1132(a)(3).

Defendants now seek dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this court lacks personal jurisdiction over Defendants. Alternatively, Defendants request a venue transfer pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the court DENIES Defendants' motion to dismiss for lack of personal jurisdiction and GRANTS Defendants' motion to transfer venue.

## DISCUSSION

### 1.  Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

"When, as with ERISA, a federal statute 'provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction.'" *Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, *1 (D. Utah Jan. 9, 2019) (quoting *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1210 (10th Cir. 2000)).  "[I]n a federal question case where jurisdiction is invoked based on nationwide service of process[,]" courts apply a different jurisdictional standard than the familiar minimum contacts analysis. *Id.* (quoting *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015)). In this context, personal jurisdiction over a defendant is proper so long as it comports with due process. *Peay,* 205 F.3d at 1210 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 942 (11th Cir. 1997)). This standard, emanating from the Fifth Amendment's Due Process Clause, "requires the plaintiff's choice of forum to be fair and reasonable to the defendant." *Richard T.B.*, 2019 WL 145736, at *1 (quoting *Peay*, 205 F.3d at 1212). It "protects individual litigants against the burdens of litigation in an unduly inconvenient forum." *Id.* (quoting *Republic of Panama*, 119 F.3d at 945).

For a defendant to show that jurisdiction does not comport with due process, a defendant "must first demonstrate that his liberty interests have actually been infringed." *Id.* The burden is on the defendant to show that the exercise of jurisdiction "will make the litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 470-77 (1985)).

Importantly, the United States Court of Appeals for the Tenth Circuit has emphasized "that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern. Certainly, in this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened." *Peay*, 205 F.3d at 1212 (internal brackets, citations, and quotation marks omitted).

To determine whether a defendant has met its burden of establishing "constitutionally significant inconvenience," the Tenth Circuit has set forth the following factors for courts to consider:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Peay*, 205 F.3d at 1212-13.

Applying this standard, the court finds that Defendants have failed to show that this forum is so unfair or unreasonable as to amount to a deprivation of their liberty interests. In reaching this conclusion the court is mindful that neither the Plan nor PHP have much, if any, contact with Utah, and litigating this case in Utah will be more inconvenient for Defendants given the distance between Washington and Utah. Additionally, the court recognizes that, although Kathryn received some treatment in Utah, the location of that treatment was entirely the result of Plaintiffs' own choosing, and none of the treatment was preauthorized by Defendants.

4

But, the court finds it significant that neither Defendant has alleged anything even approaching an inability to defend this action in Utah. Defendants are corporations that routinely handle out-of-state claims. Both Defendants have the resources to access counsel in Utah, and both have already obtained local counsel. Although Utah might be some distance from Washington, "modern methods of communication and transportation greatly reduce the significance of this physical burden." *Peay*, 205 F.3d at 1213. In sum, even though Defendants might be inconvenienced by defending this action in Utah, they have failed to show that this burden rises to the level of constitutional concern.

Having failed to show a "constitutionally significant inconvenience," the court finds that the exercise of personal jurisdiction over Defendants does not violate the principles of due process. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

Although the inconvenience Defendants articulate does not rise to the level of constitutional concern, the court finds Defendants' arguments regarding the propriety of this forum are clearly relevant to their request for a venue transfer, which the court addresses below.

## 2. Defendants' Motion to Transfer Venue

Alternatively, Defendants request that this action be transferred to the United States District Court for the Western District of Washington. (ECF No. 17.) This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988).

Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a)

bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp.*

*v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the

inconvenience from one side to the other, however, obviously is not a permissible justification

for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167

(10th Cir. 2010) (internal quotation marks omitted). A district court analyzing whether a movant

has met its burden should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of
> proof, including the availability of compulsory process to insure attendance of witnesses;
> the cost of making the necessary proof; questions as to the enforceability of a judgment if
> one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise
> from congested dockets; the possibility of the existence of questions arising in the area of
> conflict of laws; the advantage of having a local court determine questions of local law;
> and, all other considerations of a practical nature that make a trial easy, expeditious and
> economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d

145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally

been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2) an ERISA action

may be brought "in the district where the plan is administered, where the breach took place, or

where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action

could have originally been brought in the Western District of Washington.

Therefore, the sole issue is whether the Western District of Washington is a more

appropriate forum under the factors set forth above. Of these factors, the court is not aware of

any significant or material difference between Utah and the Western District of Washington

regarding the cost of making the necessary proof, the enforceability of a judgment, the ability to

receive a fair trial, or the congestion of dockets. Additionally, because this is a federal case

involving the application of federal law, concerns regarding conflict of laws and the

interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

A.   Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where District of

Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, Kathryn's eight-month treatment in Utah provides the only connection to this forum.[1] None of the parties reside in Utah. The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling.

## B. Accessibility of Witnesses and Other Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at *9). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4. Here, the relevant witnesses involved in administering the

---

[1] "The fact that [Plaintiffs'] counsel is located in Utah is also of no importance, as 'the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a).'" *IHC Health Servs., Inc.,* 2016 WL 4769342, at *8 (quoting *David L. v. McGraw-Hill Companies, Inc. Group Health Plan*, 2014 WL 1653197, *2 (D. Utah Apr. 23, 2014)).

Plan and denying Plaintiffs' claims are located where the Plan was administered in Beaverton, Oregon. Likewise, the relevant documents are found where the Plan is located and administered. Because the relevant witnesses and other sources of proof are in the Pacific Northwest, this factor weighs in favor of transferring the case to the Western District of Washington.

The fact that Plaintiffs have also asserted a claim pursuant to the Parity Act does not alter the analysis. The Parity Act requires plans to ensure that "treatment limitations applicable to [ ] mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan." 29 U.S.C. § 1185a(a)(3)(A)(ii). The operative facts for a Parity Act claim "center on the plan itself and the administrator's application of the plan. Although additional discovery beyond the administrative record may be available for a Parity Act claim, the relevant issues are the policies and decisions of the administrator and the information considered by the administrator." *Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119, at *4. "The sources of proof on those issues are in [the particular forum] where the Plan is administered." *Id.*

C. Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Western District of Washington is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As stated previously, none of the parties in this case reside in Utah. The Plan was not administered, adjudicated, or breached in Utah. Conversely, the Plan and Plaintiff reside in the

Western District of Washington.[2] The Western District of Washington is also significantly closer to PHP's location in Beaverton, Oregon, where the Plan is administered, where the decision to deny the claim was made, and where the relevant documents and witnesses are located.

The practical considerations and the interest of justice weigh in favor of transferring the case to the Western District of Washington.

## **CONCLUSION**

For the reasons articulated, Defendants' Motion to Dismiss (ECF No. 11) is DENIED. Defendants' Motion to Transfer Venue (ECF No. 17) is GRANTED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court is directed to transfer this action to the United States District Court for the Western District of Washington.

Signed September 29, 2021.

BY THE COURT:

Jill N. Parrish
United States District Judge

---

[2] The Complaint confirms that Plaintiff Wendy H. is a resident of King County, Washington. (ECF No. 2, Compl. ¶ 1.) Given his employment with Swedish Health Services, Plaintiff Howard W., the Plan participant, was presumably residing in Washington at the time of Kathryn's treatment. However, when the Complaint was filed, on June 26, 2020, Howard W. was a resident of Los Angeles, California. (*Id.*) The Complaint provides no information as to where Kathryn resides. (*Id.*)