UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD W., WENDY W., and KATHRYN H.-W., <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE HEALTH PLAN, and the SWEDISH HEALTH SERVICES EMPLOYEE BENEFITS PLAN, 519, <br><br> Defendants. | CASE NO. 2:21-CV-01346-JHC <br><br> ORDER RE: SUPPLEMENTAL BRIEFING |

In this case, Plaintiffs Howard W., Wendy W., and Kathryn H.-W. bring two causes of action: (1) a claim for recovery of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and (2) a claim under the Mental Health Parity and Addiction Equity Act of 2008, 29 U.S.C. § 1185a. Dkt. # 2 at ¶¶ 55–73. Plaintiffs and Defendants Providence Health Plan ("PHP") and the Swedish Health Services Employee Benefits Plan, 519 ("Plan") have cross-moved for summary judgment on both claims. Dkts. ## 44, 51. For the ERISA cause of action, Defendants say that the Court should apply the abuse of discretion standard of review based on a provision in the Plan granting PHP discretion to determine eligibility for medical claims. Dkt. # 44 at 20–21. Plaintiffs concede that abuse of

ORDER RE: SUPPLEMENTAL BRIEFING - 1

discretion applies. Dkt. # 51 at 38. But the Court has identified a basis to apply the de novo standard of review.

State regulations may alter the standard of review in ERISA cases. *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 384–86 (2002). Washington regulatory law provides that in the health care service context, "[n]o contract may contain a discretionary clause." WAC 284-44-015; WAC 284-44-010. A "discretionary clause" includes any provision that results in "the standard of review of a carrier's interpretation of the contract or claim decision [being] other than a de novo review." WAC 284-44-015. And ERISA provides that state laws regulating insurance are exempt from preemption. *See* 29 U.S.C. § 1144(b)(2)(A). The Ninth Circuit has not yet decided how this regulation applies in ERISA cases, but one district court found that it "clearly prohibits discretionary clauses in the health care services context." *Osborn by & through Petit v. Metro. Life. Ins. Co.*, 160 F. Supp. 3d 1238, 1246 (D. Or. 2016). Several courts have also held that ERISA does not preempt a nearly identical regulation voiding discretionary clauses in disability insurance policies, making de novo review mandatory for such policies. *See Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, No. C10-484 RSL, 2011 WL 617384, at *3 (W.D. Wash. Feb. 10, 2011); *Landree v. Prudential Ins. Co. of Am.*, 833 F. Supp. 2d 1266, 1274 (W.D. Wash. 2011). It appears to the Court that WAC 284-44-015 may apply to the Plan here, which provides health care benefits.

Because this issue has not been raised by either party, the Court directs them to each submit a supplemental brief addressing the issue within 10 days of this Order. Each brief should be no more than six pages in length.

1 | Dated this 17th day of October, 2022.

*John H. Chun*
John H. Chun
United States District Judge